**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Ty L. Kopp, et al.,** | ) | **CASE NO. 1:12 CV 817** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **FirstMerit Corporation, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Dismiss (Doc. 12). This case involves the financing of a motor vehicle. For the reasons that follow, the motion is GRANTED.

**FACTS**

For purposes of ruling on defendants' motion, the facts of the complaint are presumed true.[1]

---

[1] The Complaint contains lengthy legal arguments, which the Court does not accept as true for purposes of ruling on the instant motion.

1

Plaintiffs, Ty L. Kopp and Laura E. Hutcheson, filed this lawsuit on behalf of themselves and other similarly situated individuals, against defendants, FirstMerit Corporation and FirstMerit Bank N.A., alleging wrongdoing in connection with the financing of their automobile loans.

According to the complaint, plaintiffs purchased automobiles from two different automobile dealerships. (Compl. ¶¶ 34, 63).  At the time of purchase, plaintiffs were asked by dealership employees whether plaintiffs wanted the dealership to arrange financing for the purchase of the vehicles.  Both responded in the affirmative and the dealership arranged financing through defendants.  Plaintiffs allege that defendants allowed the dealerships to charged overinflated "loan origination fees," as well as "interest spread premiums."  Defendants then gave the additional monies back to the dealerships in the form of "kickbacks."  Plaintiffs claim that had they obtained financing directly from defendants, the loan origination fee and interest rate would have been less.  It further appears that plaintiffs claim that they were wrongfully charged a $250.00 "documentary service charge" by defendants, as well as interest on this charge.[2]

Thereafter, plaintiffs filed this lawsuit containing four claims for relief.  Count one is a claim for violation of the 15 U.S.C. § 13(c)(Robinson-Patman Act).  Count two alleges a common law claim for "agency."  Count three asserts a claim for violation of the Ohio Retail

---

[2] The complaint is confusing in many respects and is further contradicted by plaintiffs' brief.  For example, plaintiffs' brief opens by discussing a related case in state court, wherein plaintiff Hutcheson filed suit against the Ohio Automobile Dealers Association and the dealerships on the basis that *automobile dealers* have wrongfully charged this $250 document fee.

2

Installment Act ("RISA") and count four is a claim asserted under the Truth in Lending Act ("TILA").

Defendants move to dismiss the complaint and plaintiffs oppose the motion.

## **STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial

3

> plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id.* at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

### **ANALYSIS**

1. Count one (Robinson-Patman Act)

The parties do not dispute that the Robinson-Patman Act, a statute proscribing certain anti-competitive conduct, applies only to the sale of tangible goods.  Rather, the parties dispute whether the underlying transaction(s) in fact involved the sale of tangible goods.  According to plaintiffs, the financing arrangement and the sale of the vehicle constituted a single "tripartite transaction."  Because the "dominant nature of the transaction" involved the sale of goods, the Robinson-Patman Act applies.   On the other hand, defendants argue that the Act does not apply because defendant does not sell goods.  The fact that funds loaned by defendants were used to finance the purchase of a vehicle does not bring the financing transaction within the ambit of the Act.   Defendants claim that two separate transactions exist as alleged in the complaint.

Upon review, the Court finds that the Robinson-Patman Act does not apply to the transaction at issue.  Here, plaintiffs expressly allege that they purchased their motor vehicles from the dealerships.  *See, e.g.*, Compl. ¶ 65 ("The MIKEBASS Sales Order Form...executed by [plaintiff] and MIKEBASS'S employee...memorializes and reflects the purchase and sales transaction between the plaintiff and MIKEBASS...."). *See also,* Compl. ¶¶ 34, 36.  Plaintiffs do not allege that defendants were parties to the sales agreements.  Nor do plaintiffs allege that

4

defendants are buyers or sellers of goods.[3]  In addition, plaintiffs do not allege that the sale of the vehicle was dependent upon financing through defendants.  Rather, it appears that plaintiffs could have purchased the vehicle by either paying cash or obtaining their own financing.  Moreover, the allegations themselves belie the existence of a "single transaction" for purposes of the Robinson-Patman Act.  On the one hand, plaintiffs allege that the dealerships were their agents for purposes of obtaining financing.  Yet, it cannot reasonably be argued that the dealerships were plaintiffs' agents for the purpose of purchasing the vehicle.  The Court rejects any argument that would require a finding that the dealerships acted at both arms-length and as plaintiffs' agents during the course of the same transaction.   Rather, the Court finds that the *facts* contained in the complaint allege two separate transactions.   On the one hand, plaintiffs purchased their vehicles by signing purchase agreements with the dealerships.  (Compl. ¶¶ 34, 65). On the other hand, the complaint alleges that plaintiffs obtained financing to purchase the vehicle from defendants through the dealerships.  (Compl. ¶¶ 44, 73).  Because the transaction involving defendants does not involve the sale of goods, the Robinson-Patman Act is inapplicable.  *See, e.g., Patterson v. Ford Motor Credit Co.*, unreported, 203 F.3d 821 (4th Cir. Feb.2, 2000)(noting that the sale of an installment contract to a lender which occurred simultaneously with the purchase of a motor vehicle did not involve the "sale of goods" for purposes of the Robinson-Patman Act).

     Having concluded that the complaint involves two separate transactions, the Court need

---

[3]     Plaintiffs argue that defendants are "sellers" because they took a security interest in the vehicles as a result of the financing agreement.  The Court rejects this argument.  The taking of a security interest does not transform a lender into a seller of goods for purposes of the Robinson-Patman Act.

not address the "dominant nature of the transaction" test or defendants' remaining arguments. *See, Metro Communications Co. v. Ameritech Mobile Communications*, 984 F.2d 739 (6th Cir. 1993)("dominant nature of transaction test" applicable only to transactions that involve both the sale of goods and services, not where goods and services arise under "separate" transactions). Because the financing transaction did not involve the sale of goods, plaintiffs fail to state a claim under the Robinson-Patman Act.

    2.    Count two ("Agency")

In count two, plaintiffs allege a violation of Section 8.02 of the Restatement (Third) of Agency. According to plaintiffs, the dealerships acted as plaintiffs' agents for the purpose of securing financing. As such, the dealerships were not allowed to obtain a benefit from a third party without violating their fiduciary duties. Plaintiffs claim that defendants violated this provision because they provided the benefit that the dealerships were prohibited from accepting.

Defendants move to dismiss the claim on the grounds that Ohio does not recognize a claim for "aiding and abetting" a breach of fiduciary duty. Defendants further argue that even if such a claim exists, plaintiffs fail to plead the necessary elements. Specifically, defendants claim that plaintiffs fail to allege the they knew of the agency relationship between plaintiffs and the dealerships and also fail to allege that defendants provided substantial assistance or encouragement to the dealerships in the dealerships' breach of their fiduciary duties.

In response, plaintiffs affirmatively and repeatedly state that they are not asserting a claim for "aiding and abetting" breach of fiduciary duty. Rather, according to plaintiffs, they are "making a civil allegation based on the Restatement (Third) of Agency, Section 8.02." (ECF 16 at 21). According to plaintiffs, there are two avenues of relief recognized under the Restatement.

First, the Restatement provides that "the principal may recover monetary relief from its agent and, in appropriate circumstances, from any third party who participated in the agent's breach." (Comment e).  Second, the Restatement provides that, "a third party who provides substantial assistance or encouragement to an agent in breaching the agent's duty to the principal is also subject to liability to the principal." (Comment b).  According to plaintiffs, they are not alleging liability based on "substantial assistance or encouragement," which would amount to an "aiding and abetting" theory of recovery.  Rather, plaintiffs seek to impose liability under Comment e, which according to plaintiffs, imposes liability against the third party simply for providing the benefit.

Upon review, the Court finds that plaintiffs fail to state a claim for "agency."  As an initial matter, plaintiffs expressly disavow any claim based on a theory of aiding and abetting tortious conduct.  And, as defendants point out, no court has ever recognized a "claim" for violation of Comment e of the Restatement (Third) of Agency, Section 8.02.  Accordingly, plaintiffs' claim fails for these reasons alone.

Despite their express disavowal of an aiding and abetting claim, the Court will address whether plaintiffs state a claim for aiding and abetting a breach of fiduciary duty, as this is the only theory that could possibly support the claim purportedly asserted by plaintiffs.[4]  Defendants

---

[4] Plaintiffs entirely misread the Restatement.  Comment b provides that "a third party who provides substantial assistance or encouragement to an agent in breaching the agent's duty to the principal *is also* subject to liability to the principal." (Emphasis added).  On its face, this language simply means that if the third party provides substantial assistance or encouragement, the third party may be held liable *along with the agent*.  The use of the word "also" does not mean that there are two separate avenues of relief against the third party.

note that many courts have held that no such claim is recognized under Ohio law.  The Court need not reach this issue, however, because assuming *arguendo* that such a claim exists, plaintiffs fail to allege facts supporting the material elements of the claim.  Specifically, there are no allegations suggesting that defendants knew of the alleged agency relationship between the dealerships and plaintiffs.  Nor do plaintiffs allege any facts suggesting that defendants "substantially assisted" or "encouraged" the dealerships to breach any duty owed to plaintiffs.  As such, to the extent plaintiffs allege such a claim and, assuming such a claim would be recognized by an Ohio court, plaintiffs fail to properly allege the elements of aiding and abetting breach of fiduciary duty.

       3.       Count three (RISA)

Plaintiffs purport to assert a claim under Section 1317.07 of RISA.  According to plaintiffs, RISA allows certain entities to charge a "documentary service fee."  However, plaintiffs also expressly allege that RISA does not apply to national banks.  As such, plaintiffs claims that since national banks are exempt from RISA, defendants were not permitted to charge the "documentary service fee."

Defendants argue that, as financial institutions, they are exempt from the purview of RISA.  Plaintiffs do not appear to dispute this contention and, in fact, expressly allege as such.  Rather, it appears that plaintiffs claim that since defendants are not subject to RISA, they somehow are prohibited from charging the "documentary service fee."

Upon review, the Court finds that, as financial institutions, they are exempt from RISA for the claim asserted in the complaint.  *See, Blon v. Bank One, Akron, N.A.*, 519 N.E.2d. 363, 367, n.3 (Ohio 1988)(RISA claim based on Section 1317.07 is not viable against a financial

8

institution). As such, plaintiffs fail to state a claim under RISA.[5]

    4.    Count four (TILA)

Although entirely unclear from the complaint, it appears that plaintiffs are alleging that defendants somehow improperly disclosed or charged the $250 documentary service charge. On the one hand, plaintiffs expressly allege that defendants "isolate out" and include the $250 documentary service charge in the "computation of the finance charge." Plaintiffs inexplicably then cite to 15 U.S.C. § 1605(d), which outlines certain items which are statutorily exempt from inclusion in the "finance charge." It appears that plaintiffs may be claiming that defendants were not allowed to charge the $250 documentary service charge because it is not exempt from inclusion in the "finance charge" under Section 1605(d).

Defendants argue that TILA is a disclosure statute and that plaintiffs themselves allege that defendants not only disclosed the $250 documentary service charge, but also included it in the finance charge. Accordingly, plaintiffs fail to state a claim under TILA.

In response, plaintiffs argue that they allege that defendants:

> misrepresent[] the documentary service charge under [Section 1605(d)], in that [defendants] printed the '$250 documentary service fee' on [the] promissory note, and misrepresented implication [sic] or silence that [defendants], in fact, did pay a fee to a public official to secure the collateral under [Section 1605(d)]. [Defendants] also failed to fully disclose to the Plaintiffs that (i) [defendants] never pay[] a fee to a public official in consideration for collection the documentary service charge..., and that (ii) [defendants] also charge[] interest on this documentary service charge, which interest need not be charged under [Section 1605(d)].

(ECF 16, at pp. 30-31).

---

[5]    The fact that national banks are exempt from liability under RISA does not mean that national banks cannot charge fees outlined in RISA. Plaintiffs' argument to the contrary is wholly lacking in law or logic.

9

Based on this argument, plaintiffs claim that they have alleged a TILA claim as a result of "fraudulent concealment, misrepresentations, and nondisclosure."

Upon review, the Court finds that plaintiffs fail to state a TILA violation.  As defendants point out, the documentary service charge is identified and included in the finance charge, as evidenced by the promissory notes signed by plaintiffs.  Thus, defendants cannot be said to have violated Section 1605(d), which identifies charges that *need not* be included in the finance charge.  Plaintiffs do not identify any other provision of TILA that they claim defendants violated.  Accordingly, plaintiffs fail to state a claim for which relief may be granted.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 12) is GRANTED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/29/12